MAY A. THOMPSON, Appellant, *v.* JOHN R. THOMPSON, Respondent.

ADMINISTRATORS —INDIVIDUAL LIABILITY OF ADMINISTRATOR ON AGREEMENT MADE WITH NEXT OF KIN. A promise made by an administrator who had reserved out of the estate a certain sum with which to pay a transfer tax and who desired to settle with the next of kin and obtain his discharge, that if they would waive a formal judicial settlement and execute a release in full, in case no transfer tax was assessed, he would pay to each

their proper proportion of such sum, may be regarded, when the release is executed and the tax is not assessed, as his personal promise, for which the execution of the release furnishes a good consideration, and in an action to enforce it his discharge as administrator constitutes no defense.

*Thompson* v. *Thompson*, 88 App. Div. 618, reversed.

(Submitted January 16, 1905; decided January 24, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 24, 1903, affirming a judgment in favor of defendant, entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John P. Grant* for appellant.   The agreement made at the time of settlement and as a consideration for the execution of the release was a separate and independent agreement not embodied in the release nor inconsistent with its terms. (*Andrews* v. *Brewster*, 124 N. Y. 432.)   The agreement to pay the money in case it was not needed for an inheritance tax was an independent agreement and proof of it did not tend to contradict the writing executed by the plaintiff. (*Chapin* v. *Dobson*, 70 N. Y. 74; *Dodge* v. *Zimmer*, 110 N. Y. 43; *Andrews* v. *Brewster*, 124 N. Y. 433.)

*C. L. Andrus* for respondent.   The release executed by the plaintiff to the defendant is a bar to this action and is final between these parties and cannot be controverted by the alleged agreement sought to be enforced by plaintiff. (*Thompson* v. *Thompson*, 70 App. Div. 244; *Coon* v. *Knapp*, 8 N. Y. 402; *Matter of Hodgman*, 11 App. Div. 352; *Duane* v. *Page*, 82 Hun, 149; *Thomas* v. *Scutt*, 127 N. Y. 138; *Walbourn* v. *Hingston*, 86 Hun, 65; *Randall* v. *Reynolds*, 20 J. & S. 145; *Gerard* v. *Coppertwait*, 2 Misc. Rep. 375; *Slayton* v. *Henken*, 91 Hun, 587; *Kirchner* v. *N. H. S. M. Co.*, 135 N. Y. 182.)   The decree of the Surrogate's Court in the matter of the judicial settlement of defendant as adminis-

trator of the estate of John Thompson, deceased, upon the consent thereto and the waiver of service of the citation by the plaintiff, is conclusive between the parties and a bar to this action. (*Matter of Crise*, 26 N. Y. S. R. 89; *Denton* v. *Sanford*, 103 N. Y. 613; *Matter of Tilden*, 44 Hun, 444; *Kager* v. *Brenneman*, 47 App. Div. 66; *Johnson* v. *Richards*, 3 Hun, 454; *Altmann* v. *Hofeller*, 152 N. Y. 502.)

HAIGHT, J.  This action was brought to recover the sum of sixty dollars, which, it is claimed, the defendant had promised and agreed to pay to the plaintiff.  It appears that John Thompson died at the town of Delhi, Delaware county, N. Y., on the third day of April, 1892, leaving nine children and a grandchild him surviving, as his next of kin.  The defendant, one of his sons, was appointed administrator of the estate, and as such administrator had collected the assets and paid the debts.  Thereupon all of the children of the decedent met together and the administrator stated to them that he wanted to settle with them and have his discharge as the administrator of the estate entered in the office of the surrogate of the county; and for that purpose he wanted each to execute a release and settlement in full, waiving a formal judicial settlement before the surrogate.  They then figured up the amount of the estate in his hands, and divided the same between them and then, as testified by a number of witnesses, he stated that he had taken out the sum of six hundred dollars with which to pay the transfer tax; that in case no transfer tax was assessed against the estate he would pay to each of the heirs sixty dollars, that being their proportion.  Thereupon, the plaintiff, with others, executed the release in which they consented that the same might be filed with the surrogate and a decree entered thereon finally discharging the defendant as administrator.  It further appeared that no transfer tax was assessed against the estate.  The plaintiff, after demand and refusal to pay by the defendant, brought this action to recover her proportionate share of the money so taken by him from the assets of the estate to pay such tax.  Among the defenses interposed was

the discharge and settlement in full, as shown by the release, its entry in the office of the surrogate of the county, and the decree made by the surrogate thereon finally discharging him as administrator of the estate.

We think that, under the evidence, the jury might have found that the six hundred dollars was taken out of the assets of the estate and held by him individually, for the purpose of paying the transfer tax, if any was assessed, against the estate and that his promise to pay each of the ten heirs one-tenth thereof, in case such tax was not assessed, was the personal promise of himself, and not as administrator, and that the execution of the release for his discharge as administrator furnished a good consideration for such promise.  He was about asking for his discharge as administrator; he had taken out of the estate the six hundred dollars and had stated that he could pay the tax just as well after his discharge as before. Under our view the inference which the jury might draw from these facts would permit the finding that his promise to pay in case the tax was not assessed was his individual promise and not that of an administrator.  There is no attempt here to vary the terms of the written release, for the claim is based upon his personal promise and not that of an administrator.

The opinion of FURSMAN, J., in the Appellate Division upon the first review of this case is fully in accord with our views and we refer thereto for a more detailed statement of the facts in the case.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, O'BRIEN, BARTLETT, VANN and WERNER, JJ., concur.

Judgment reversed, etc.